# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SHAWDARE R. THOMAS,**
        Petitioner,

    v.                                    Case No. 12-CV-00902

**DEBORAH McCULLOCH, Institution Director, Sand Ridge Secure Treatment Center.**
        Respondent.

---

## DECISION AND ORDER

Before me now is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by petitioner Shawdare Thomas. Thomas is currently being held at the Sand Ridge Secure Treatment Center pending a trial on a petition to civilly commit him as a sexually violent person under Wis. Stat. Ch. 980. He asserts that he is in custody in violation of the Constitution or laws of the United States.

On August 6, 2003, Thomas was adjudged delinquent based on the offense of first-degree sexual assault of a child under Wis. Stat. § 948.02(1). As a result, he was placed in the Wisconsin Department of Corrections Secured Correctional Facility at Ethan Allen School in Wales, Wisconsin. He was scheduled to be released on September 25, 2007, but on September 24, 2007 the State of Wisconsin filed a petition in the Milwaukee County Circuit Court to have Thomas civilly committed under Ch. 980. On October 3, 2007, the circuit court held a hearing on the petition and concluded that there was probable cause to believe Thomas was a sexually violent person within the meaning of Wis. Stat. § 980.01(7). Accordingly, the court ordered the Department of Corrections to transfer

Thomas to a secure treatment center pending a trial on the petition. *See* Wis. Stat. § 980.05(1). It has been over five years since that initial hearing, but Thomas has not yet been brought to trial. Some of the delays in scheduling a trial have been at Thomas' request, some were at the request of the state, and some were the result of conflicts in the court's schedule.

Thomas seeks a writ of habeas corpus on the ground that the state has violated several of his constitutional rights, including his right to a speedy trial and his right to be free from double jeopardy. Since the trial on the state's petition for civil commitment has not yet occurred, Thomas' situation is analogous to that of a pretrial detainee in a criminal case. Therefore, I have jurisdiction to grant Thomas habeas relief under 28 U.S.C. § 2241. However, the Seventh Circuit has made it clear that, in the interest of comity, a district court should not exercise such jurisdiction unless the habeas petitioner has exhausted his state remedies. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); U.S. *ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979); *see also Olsson v. Curran*, 328 Fed. App'x 334, 335 (7th Cir. 2009) (unpublished decision). Thomas admits he has not satisfied this requirement. He says he has not raised his claims in state court because he has no avenue for relief until the state decides to hold a trial, but he is mistaken. He could, for example, file a pretrial motion to dismiss, the denial of which he can ask the Wisconsin Court of Appeals to review. *See* Wis. Stat. § 808.03(2). Until Thomas has exhausted his state court remedies, he cannot seek relief in this court.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 17th day of October 2012.

                                                s/ Lynn Adelman
                                                _____
                                                LYNN ADELMAN
                                                District Judge